**SEMI–TECH LITIGATION, LLC,**
**Plaintiff–Appellee,**

v.

**BANKERS TRUST COMPANY,**
**Defendant–Appellant.**

**No. 07–0722–bk.**

United States Court of Appeals,
Second Circuit.

Oct. 3, 2008.

Kevin N. Ainsworth (Robert I. Bodian, of counsel), Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., New York, N.Y., for Plaintiff–Appellee.

Edward Flanders (F. Joseph Owens, Jr., Kenneth A. Newby, of counsel), Pillsbury Winthrop Shaw Pittman LLP, New York, N.Y., for Defendant–Appellant.

Present: Hon. JOHN M. WALKER, JR., Hon. ROBERT A. KATZMANN, Hon. JOHN R. GIBSON,[1] Circuit Judges.

**SUMMARY ORDER**

On January 26, 2007, the district court issued an order denying defendant Bankers Trust's motion for attorneys fees under § 315(e) of the Trust Indenture Act of 1939, 15 U.S.C. § 77ooo(e). Bankers

---

1. The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Trust appealed to this Court, contending that the district court did not award fees because it erroneously felt constrained by the proviso in the statute barring an award of fees in "any suit instituted by any indenture security holder ... holding in the aggregate more than 10 per centum in principal amount of the indenture securities outstanding." *Id.* Whether we review the district court's denial of fees in this case *de novo* or for abuse of discretion turns on whether the district court felt the statute prevented it from awarding fees, or whether the district court declined to award fees as an exercise of the discretion explicitly granted it by the statute. *See Baker v. Health Mgmt. Sys., Inc.,* 264 F.3d 144, 149 (2d Cir.2001).

Because it is not clear from the district court's order which rationale motivated its decision, it would be premature for us to resolve this case. Accordingly, we **RE-MAND** the case to the district court, pursuant to the procedures set forth in *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994), for the limited purpose of clarifying whether the district court declined to award fees as an exercise of discretion, or whether it believed the operation of the statute deprived it of that discretion. In other words, on remand, the district court should clarify whether it would have awarded Bankers Trust attorneys' fees if it felt it had discretion to do so. The mandate shall issue forthwith. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its clarification. Following such notification, jurisdiction of this appeal automatically will be restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of this case.